# SUPERIOR COURT
## OF THE
## STATE OF DELAWARE

PAUL R. WALLACE
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
(302) 255-0660

Submitted: September 14, 2023
Decided: December 13, 2023

Mr. Michael D. Chambers
SBI# 246261
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977

Abigail E. Rodgers, Esquire
Chief Prosecutor – New Castle County
Department of Justice
Carvel State Office Building
820 North French Street, 7th Floor
Wilmington, Delaware 19801

Todd E. Conner, Esquire
Chief Deputy
Dawn M. Williams, Esquire
Assistant Public Defender
Office of Defense Services
Carvel State Office Building
820 North French Street, 3rd Floor
Wilmington, Delaware 19801

    RE:    *State v. Michael D. Chambers*
           I.D. No. 0311009491A

Dear Mr. Chambers and Counsel:

The Court has reviewed Mr. Chambers' latest *pro se* filing docketed September 14, 2023, through which he asserts he is due a certificate of eligibility to seek review of his sentence under Title 11, Section 4214(f) and that the Court should order the Office of Defense Services (ODS) to further assist him in his efforts to obtain relief under § 4214(f).[1] At bottom, Mr. Chambers suggests that the Court should grant him a certificate of eligibility because he has maximized his rehabilitative efforts and believes he now meets the eligibility requirements for such extraordinary relief.[2]

---

[1] D.I. 151.

[2] *Id.* at 2 (positing that if he "were sentenced today [he] wouldn't even be declared an Habitual Offender, or if so would not have received a 25 year sentence for 1447A").

The legislation enacting Section 4214(f) called for this Court to establish procedural rules to govern the filing of and proceedings on certain sentence modification petitions. The Court has adopted Special Rule of Procedure 2017-1 for that purpose. That rule provides that *pro se* applications will not be considered unless the Court expressly grants a petitioner permission to proceed *pro se*. The Court has not granted Mr. Chambers such permission, but it appears his latest filing is instigated by ODS's notification that it cannot file a request for a certificate of eligibility on his behalf.[3]

For the sake of completeness, the Court has reviewed: Mr. Chambers' request; the record in his case; and, the applicable law and Court rules. Those materials were examined to see if he might arguably satisfy the exacting threshold requirements for § 4214(f) eligibility[4] thus warranting any further ODS involvement. Mr. Chambers does not.

After a three-day jury trial, Mr. Chambers was convicted of drug and firearms charges he committed in November 2003.[5] At the time he committed these crimes, Mr. Chambers had at least three prior felony convictions and was subject to sentencing enhancement as a habitual criminal offender.[6] So, prior to his sentencing, the State filed a petition to declare him a habitual criminal offender.[7] The Court granted that motion and sentenced Mr. Chambers accordingly.[8]

Resultingly, Mr. Chambers is serving, *inter alia*, a sentence of 25 years imprisonment imposed under the Habitual Criminal Act. The individual components of Mr. Chambers' current cumulative sentence are:

---

[3]   D.I. 150.

[4]   *See State v. Lewis*, 2018 WL 4151282, at *1-2 (Del. Super. Ct. Aug. 28, 2018), *aff'd*, 2019 WL 2157519 (Del. May 16, 2019) (describing the requirements that must be met before the Court will issue a certificate of eligibility to seek relief via 11 *Del. C.* § 4214(f)).

[5]   D.I. 29.

[6]   *See* DEL. CODE ANN. tit. 11, § 4214(a)(2003) (providing that a person who has been thrice previously convicted of a felony and is thereafter convicted of another felony may be declared a habitual criminal).

[7]   D.I. 38.

[8]   D.I. 47-48.

- Possession of a Firearm During the Commission of a Felony (PFDCF) (IN06-05-0449)—25 years at Supervision Level V (to be served under the then-extant provisions of 11 *Del. C.* § 4214(a));

- Possession with Intent to Deliver Cocaine (IN06-05-0447)— Two years at Supervision Level V, suspended in whole for two years at Supervision Level IV, suspended after serving six months at Supervision Level IV for 18 months at Supervision Level III;

- Use of a Dwelling for Keeping Controlled Substances (IN06-05-0448)—One year at Supervision Level V, suspended in whole for one year at Supervision Level III; and

- Illegal Possession of Alazopram (IN06-05-0453)—costs of prosecution.[9]

The effective date of Mr. Chambers' sentence is January 26, 2007.[10]

Since then, Mr. Chambers' convictions and sentence were affirmed on direct appeal[11] and he has filed various unsuccessful motions seeking vacatur of his convictions and sentence. This includes no less than seven motions for postconviction relief,[12] a motion for sentence modification,[13] and three state habeas petitions.[14]

The Court now turns to his latest volley and whether Mr. Chambers satisfies the exacting threshold requirements for § 4214(f) eligibility.

---

[9] Sentencing Order, *State v. Michael D. Chambers*, ID No. 0311009491A (Del. Super. Ct. Jan. 26, 2007) (D.I. 49).

[10] Sentencing Order, at 1.

[11] D.I. 60.

[12] D.I. 52, 56; D.I. 63, 69; D.I. 71, 74; D.I. 79, 85; D.I. 97, 99; D.I. 103, 106; D.I. 113, 115; and D.I. 122, 125.

[13] D.I. 111-112.

[14] D.I. 129, 132; D.I. 134, 137; and 138, 141.

"[T]o be eligible to petition for sentencing relief under § 4214(f), an inmate serving a sentence (or sentences) imposed under the pre-2016 Habitual Criminal Act must meet both a type-of-sentence **and** the time-served requirement."[15] Mr. Chambers may meet the first in regard to the PFDCF conviction for which he was sentenced as a habitual criminal, but he doesn't satisfy the second.

Mr. Chambers was sentenced to the minimum required for his PFDCF conviction—25 years of imprisonment under the then-extant four-strikes provision of the Habitual Criminal Act.[16] One might become time-served eligible for § 4214(f) relief only "after [he] has served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by th[e current provisions of the Habitual Criminal Act] or the statutes describing said offense or offenses, whichever is greater."[17]

Under either of the current provisions of the Habitual Criminal Act applicable to Mr. Chambers and his PFDCF conviction—§ 4214(c) or (d)—the habitual criminal portion of his sentence for that crime would be no less than the minimum mandatory term of 25 years of unsuspended imprisonment he is currently serving.[18]

---

[15] *Yelardy v. State*, 2022 WL 9632128, at *2 (Del. Oct. 14, 2022) (emphasis added) (citations and quotation marks omitted); *State v. Harris*, 2022 WL 472518, at *1 (Del. Super. Ct. Feb. 14, 2022).

[16] *See* DEL. CODE ANN. tit. 11, § 4214(a)(2003) ("[A]ny person sentenced pursuant to this subsection shall receive a minimum sentence which shall not be less than the statutory maximum penalty provided elsewhere in this Title for the fourth or subsequent felony which forms the basis of the State's petition to have the person declared to be an habitual criminal except that this minimum provision shall apply only when the fourth or subsequent felony is a Title 11 violent felony, as defined in § 4201(c) of this title.").

[17] *Id.* at § 4214(f) (2023).

[18] *See id.* at § 4214(c) (providing habitual criminal sentenced for a triggering fourth felony, when that felony is a Title 11 violent felony and at least one of his priors was a Title 11 violent felony, must receive the statutory maximum for that triggering Title 11 violent felony); *id.* at § 4214(d) (providing one sentenced under this provision also must receive a minimum sentence of the statutory maximum penalty provided elsewhere in Title 11 for the triggering felony that form the basis of the habitual criminal petition). When Mr. Chambers committed his crimes in 2003, PFDCF was a class B violent felony with a statutory maximum of 25 years imprisonment. DEL. CODE ANN. tit. 11, §1447A, 4201(c) and 4205(b)(2)(2003). And Mr. Chambers no doubt had by then amassed no less than three prior convictions for Title 11 violent felonies. *See* D.I. 38 (State's habitual criminal petition evidencing Mr. Chambers' 1995 conviction for first-degree assault, 1999 conviction for second-degree robbery, and 2000

Simply put, he is nowhere close to time-served eligibility for release.

Accordingly, to the extent Mr. Chambers' filing that he entitles an application for "Affirmative Relief" is deemed a *pro se* certificate of eligibility under Del. Super. Ct. Spec. R. 2017-1(c) it must be **DENIED**, with prejudice. He is manifestly ineligible for relief under 11 *Del. C.* § 4214(f) and the Court need not enlist ODS to pursue an application for relief that is going nowhere.[19]

**IT IS SO ORDERED.**

Paul R. Wallace, Judge

cc:     Prothonotary-Criminal
        Investigative Services Office

---

conviction for second-degree assault); *see also* Sentencing Transcript, at 4-6 (D.I. 126)(the State laying out those prior convictions during the habitual criminal hearing and Mr. Chamber's response: "There's no objection on my part to the State's offer, Your Honor.").

Mr. Chambers' mistaken belief that today his PFDCF would not be considered a triggering Title 11 violent felony seems to be a product of his errant reliance on current 11 *Del. C.* § 3901(d). That statute only governs which violent felonies mandate consecutive sentencing. It does nothing to remove PFDCF from 11 *Del. C.* § 4201(c)'s list of violent felonies. PFDCF is now and always has been defined as a Title 11 violent felony. DEL. CODE ANN. tit. 11, § 4201(c) (1996); *id.* (2023). So, it would still count as a trigger when figuring Mr. Chambers' habitual criminal eligibility and slotting under the current Habitual Criminal Act. *Id.* at § 4214(c) (2023); *id.* at § 4214(d)(2023).

[19]  *See, e.g., Clark v. State*, 2018 WL 1956298 (Del. Apr. 24, 2018) (this Court does not err by denying appointment of counsel when an inmate clearly does not meet § 4214(f)'s eligibility requirements); *State v. Rowan*, 2022 WL 896260, at *3 (Del. Super. Ct Mar. 28, 2022).